UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN R. EUBANKS,

        Plaintiff,

        v.                                    Case No. 25-cv-1182-bhl

DENITA BALL et al,

        Defendants.

## DECISION AND ORDER

      Plaintiff Alvin R. Eubanks is representing himself in this 42 U.S.C. §1983 case. On August 8, 2025, along with his complaint, Eubanks filed a motion for leave to proceed without prepaying the filing fee. That same day, the clerk's office sent Eubanks a letter informing him that, within twenty-one days, he must submit a certified copy of his trust account statement for the six-month period preceding the filing of his complaint. The letter warned Eubanks that failure to do so could result in dismissal of his case without further notice. Dkt. No. 3.

      On August 20, 2025, Eubanks filed only the top half of the first page of a statement summary for the period of January 31 through July 31, 2025. Dkt. No. 7. The next day, on August 21, 2025, the Court informed Eubanks that, if he wants to continue with this case, he must file a complete trust account statement by September 5, 2025. The Court warned Eubanks that if it did not receive a complete statement by the deadline, it would deny his motion for leave to proceed without prepaying the filing fee and would dismiss this action. Dkt. No. 8. The next day, the Court received a statement summary covering the one-month period of July 1 through July 31, 2025. Dkt. No. 9. On August 25, 2025, Eubanks filed an unsigned letter addressed to Chief Judge

Pamela Pepper, stating that he had sent his six-month inmate account statement as requested by the Court. But more than two weeks has passed since Eubanks' letter, and the Court has not received a complete trust account statement. As noted, Eubanks submitted only two, incomplete statements, which the Court informed him are inadequate.

The deadline has passed, and Eubanks did not file a complete trust account statement or explain why he is unable to do so. As Eubanks was repeatedly informed, a prisoner seeking to proceed with a civil action without prepaying the filing fee must submit a certified copy of his trust account statement covering the six-month period preceding the filing of the complaint. *See* 28 U.S.C. §1915(a)(2). Because Eubanks has not complied with this requirement, the Court will deny his motion for leave to proceed without prepaying the filing fee and will dismiss this case without prejudice based on his failure to pay the filing fee. The dismissal is without prejudice, so Eubanks may refile his complaint, but he is reminded that he will be required to pay the filing fee for every new case he files.

**IT IS THEREFORE ORDERED** that Eubanks' motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED** and this case is **DISMISSED without prejudice** based on Eubanks' failure to pay the filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Eubanks must pay the $350 statutory filing fee. Accordingly, the agency having custody of Eubanks shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Eubanks is transferred

to another institution, the transferring institution shall forward a copy of this Order along with Eubanks' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Eubanks is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.